J-S28036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID L. BAYNES | : | |
| | : | |
| Appellant | : | No. 761 WDA 2022 |

Appeal from the PCRA Order Entered October 7, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002773-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID L. BAYNES | : | |
| | : | |
| Appellant | : | No. 762 WDA 2022 |

Appeal from the PCRA Order Entered October 7, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000244-2014

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: OCTOBER 6, 2023**

In these consolidated appeals,[1] David L. Baynes appeals **pro se** from

the October 7, 2021 order dismissing his petition filed pursuant to the Post

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's appeals at Nos. 761 WDA 2022 and 762 WDA 2022 were **sua sponte** consolidated by this Court on September 22, 2022.

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The underlying facts of this case are not relevant to our disposition and need not be reiterated here. The PCRA court summarized the procedural history of this case as follows:

> On November 5, 2014, a jury convicted Appellant of: rape; involuntary deviate sexual intercourse ("IDSI"); sexual assault; indecent assault; indecent exposure; and simple assault. The presiding trial judge, the Honorable Donna Jo McDaniel, sentenced Appellant on February 3, 2015 to an aggregate sentence of 25-50 years of incarceration. As a result of an appeal, the convictions were affirmed but the case was remanded to the [trial] court for resentencing, after it was determined there were errors in the application of the merger doctrine and a failure to impose the second-strike provision. [**See Commonwealth v. Baynes**, 156 A.3d 332 (Pa.Super. 2016) (unpublished memorandum), **appeal denied**, 165 A.3d 875 (Pa. 2017).]
>
> On June 8, 2017, Appellant was resentenced by Judge McDaniel to an aggregate sentence of 23½ to 47 years of incarceration and was classified as a sexually violent predator (SVP). This sentence was also appealed, resulting in this Court again vacating Appellant's sentence and remanding for a new sentencing hearing. It was determined the sentence imposed at the conviction for indecent assault was illegal. Additionally, the [trial] court again failed to apply the Section 9718.2 second-strike mandatory minimum sentence of 25 years at the convictions for rape or IDSI as instructed. [**See Commonwealth v. Baynes**, 209 A.3d 531 (Pa.Super. 2019) (unpublished memorandum).]
>
> [This Court subsequently vacated Appellant's SVP designation as it was no longer permitted under current law. **Id.**] Upon remand, Appellant's cases

were reassigned to Judge Mark Tranquilli and a resentencing hearing was conducted on July 12, 2019. Consistent with the opinion and directive of the Superior Court, the trial court imposed a mandatory minimum sentence of 25 to 50 years of incarceration at both Count 1 and 2; Rape and IDSI respectively. These terms were run concurrently, followed by 4 years of probation imposed at Count 5 and 6; indecent exposure and simple assault.

In response to a petition filed with the Court on September 3, 2019, counsel was appointed to represent Appellant for the purpose of a [PCRA] petition. On August 26, 2020 counsel filed a no merit letter. On September 17, 2020, this Court issued a [Pa.R.Crim.P. 907] notice of intent to dismiss and Appellant filed an objection on October 6, 2020. [PCRA counsel was granted permission to withdraw on September 17, 2020].

PCRA court opinion, 11/14/22 at 2-4 (citations, footnotes and extraneous capitalization omitted).

On October 7, 2021, the PCRA court entered an order denying Appellant's PCRA petition. Thereafter, on February 1, 2022, Appellant filed a second PCRA petition, alleging he never received timely notice of the dismissal of his first PCRA petition due to a mailing issue at SCI Benner-Township. Accordingly, Appellant requested reinstatement of his appellate rights; permission to file a new petition; an evidentiary hearing; and the appointment of counsel. On June 6, 2022, the PCRA court granted Appellant's petition in part by reinstating his appellate rights relative to the October 7, 2021 order, but denying all other relief.

On June 29, 2022, Appellant filed two separate *pro se* appeals docketed at Nos. 761 WDA 2022 and 762 WDA 2022.[2] On July 9, 2022, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed his Rule 1925(b) statement on July 21, 2022, and the PCRA court filed its Rule 1925(a) opinion on November 14, 2022.

Appellant raises the following issues for our review:

> 1. Did the PCRA Court err when it dismissed Appellant's *pro se* PCRA petition without a hearing when [Appellant] set forth facts, both of record and off record which, if proven would have entitled him to relief? More specifically:
>
>    A. [Whether Appellant] was abandoned by both direct appeal counsel and first PCRA counsel when [Appellant] was constructively denied counsel at a critical stage when direct review counsel failed to file post-sentencing motions and a requested direct appeal, and first PCRA counsel failed to identify the claim[?]
>
>    B. Was [Appellant] unlawfully and prejudicially deprived of his established 6th amendment right to effective assistance of counsel in filing post-sentence motions and direct appeal when it was by counsel's specific per se errors which caused the loss and this was [Appellant's] first opportunity to raise and preserve the claim?

_____

[2] Appellant also filed an appeal from the June 6, 2022 order that reinstated his appellate rights; this appeal was docketed at No. 763 WDA 2022 and was quashed on October 7, 2022.

- 4 -

2. [Whether] Appellant is actively serving an illegal sentence as the Court improperly construed a prior conviction as a second strike when such did not qualify and/or the Commonwealth violated the terms of the contract when in fact, Appellant originally pled guilty to a second degree misdemeanor of voluntary deviate sexual intercourse ultimately upgraded unlawfully to a second degree felony of sexual assault[?]

3. Was direct appeal counsel and first PCRA counsel ineffective in failing to raise these claims[?]

Appellant's brief at 3 (extraneous capitalization omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

This court has continually recognized that there is no absolute right to an evidentiary hearing. *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). When the PCRA court denies a petition

without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa.Super. 2004). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

The crux of Appellant's first claim is that an evidentiary hearing was warranted in this matter because his direct appeal counsel, Suzanne Swan, Esq. ("Attorney Swan") was ineffective for failing to file post-sentence motions and direct appeal challenging his July 12, 2019 judgment of sentence. Appellant's brief at 10, 12. Appellant further contends that his PCRA counsel was ineffective in failing to raise this issue on collateral review. ***Id.*** at 30. We disagree.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 104 A.3d 523 (Pa. 2014). "In order to

- 6 -

meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa.Super. 2012) (citations omitted), *appeal denied*, 114 A.3d 416 (Pa. 2015).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013).

Upon review, we find that Appellant's ineffectiveness claim fails because he failed to satisfy the first and third prongs of the aforementioned test; namely, that his claim had arguable merit and that he suffered prejudice as a result of Attorney Swan's purported inaction.

As recognized by the PCRA court, Attorney Swan represented Appellant during both of his prior direct appeals, and these appeals were successful and resulted in a remand for resentencing. *See Baynes*, 156 A.3d 332 (Pa.Super. 2016); *Baynes*, 209 A.3d 531 (Pa.Super. 2019).

The record reflects that at the July 12, 2019 hearing, the trial court properly resentenced Appellant in accordance with this Court's instructions set forth in its January 25, 2019 memorandum. In doing so, the trial court specifically corrected the error in Appellant's prior sentence. The *Baynes* Court explained as follows:

> Here, prior to Baynes' original sentencing hearing, the Commonwealth filed a notice of its intention to invoke the mandatory minimum sentence of 25 years' imprisonment set forth in [42 Pa.C.S.A. § 9718.2(a)(1)],[3] based upon Baynes' prior

---

[3] Section 9718.2, **Sentences for sexual offenders**, provides in relevant part, as follows:

**(a)   Mandatory sentence.--**

(1)   Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third

*(Footnote Continued Next Page)*

conviction of sexual assault. Although the court imposed an aggregate minimum term of 25 years' imprisonment, it did not impose the requisite mandatory minimum sentence. **See Baynes**, **supra**, 156 A.3d 332 (unpublished memorandum at *5). Consequently, the panel that considered Baynes' direct appeal vacated the judgment of sentence and remanded the case to the trial court to, **inter alia**, "properly apply ... the second-strike provision of Section 9718.2(a)(1), which [was] not satisfied by the aggregate sentence[.]" **Id.** (unpublished memorandum at *6). Nevertheless, upon remand, the trial court declined to impose the mandatory minimum term set forth in Section 9718.2(a)(1), instead choosing to impose consecutive sentences on several distinct convictions. Accordingly, we are compelled to vacate Baynes' judgment of sentence on this basis as well, and remand to the trial court to apply the second-strike provision of Section 9718.2(a)(1).

**See Baynes**, 209 A.3d 531 (unpublished memorandum at *4) (footnote omitted); **see also** notes of testimony, 7/12/19 at 14-15.

Instantly, Appellant has failed to establish that a meritorious sentencing issue existed to support an appeal. Accordingly, we find that there is no arguable merit to Appellant's claim that Attorney Swan was ineffective for failing to lodge a direct appeal on this basis, nor can Appellant demonstrate any prejudice as a result of Attorney Swan's decision. **See e.g.**, **Commonwealth v. Green**, 168 A.3d 173, 179 (Pa.Super. 2017) (stating,

---

conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S.A. § 9718.2(a)(1).

"[t]he prejudice inquiry is satisfied if Appellant demonstrates a nonfrivolous issue for appeal"), *appeal denied*, 183 A.3d 340 (Pa. 2018). Likewise, PCRA counsel cannot be found ineffective for failing to raise this meritless issue on collateral review. *See Commonwealth v. Johnson*, 815 A.2d 563, 590 (Pa. 2002) (stating, "[c]ounsel will not be deemed ineffective for failing to raise a claim that has no merit." (citation omitted)).

Appellant next argues that Attorney Swan effectively abandoned him by failing to consult with him about his direct appeal. Appellant's brief at 12. This claim is belied by the record.

At the July 12, 2019 resentencing hearing, the court explicitly questioned Appellant as to whether he had discussed his post-sentence and appellate rights with Attorney Swan, and Appellant responded in the affirmative:

> THE COURT: [S]ir, you have the full benefit of all your appellate rights. You have 30 days where you could take an appeal to what happened here today. Have you discussed your post-sentencing and appeal rights with [Attorney] Swan?
>
> [Appellant]: Briefly.
>
> THE COURT: Do you have a present understanding that you have a right to appeal to the Superior Court but that the clock begins to tick today?
>
> [Appellant]: Oh, yes, I do understand that part.

Notes of testimony, 7/12/19 at 15-16.

Based on the foregoing, we find that Appellant's second claim is also devoid of arguable merit. **See Charleston**, 94 A.3d at 1020.

In his final claim, Appellant contends that the 25 to 50 year sentence he is currently serving is illegal because the trial court improperly construed his prior conviction for voluntary deviate sexual intercourse, 18 Pa.C.S.A. § 3124, as a second strike for purposes of sentencing under Section 9718.2(a)(1) and the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.10-9799.42. Appellant's brief at 19. For the following reasons, we disagree.

Generally, "[i]ssues concerning the legality of sentence are cognizable under the PCRA." **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa.Super. 2004) (citation omitted); **see also** 42 Pa.C.S.A. § 9542 (stating, "[t]his subchapter provides for an action by which … persons serving illegal sentences may obtain collateral relief."). A challenge to the legality of a sentence "presents pure question of law. Our standard of review is **de novo** and our scope of review is plenary." **Commonwealth v. Succi**, 173 A.3d 269, 284 (Pa.Super. 2017) (citations omitted), **appeal denied**, 188 A.3d 1121 (Pa. 2018).

Here, the record reflects that on March 2, 1998, Appellant entered a plea of **nolo contendere** to three counts of what the docket sheet at CP-02-CR-0006123-1997 designated as "voluntary deviate sexual intercourse," 18 Pa.C.S.A. § 3124, for offenses that occurred on May 6, 1996. **See** Appellant's

brief at Exhibit C. However, as Appellant plainly acknowledges in his brief, ***see id.*** at 19., at the time Appellant committed these offenses in May 1996, the General Assembly had already repealed Section 3124 on March 31, 1995 and replaced it with Section 3124.1, renamed "sexual assault." ***See*** 1995, March 31, P.L. 985, No. 10 (Spec. Sess. No. 1), § 7. Moreover, Section 3124.1 was the section that was in effect at the time Appellant entered his ***nolo contendere*** pleas in March 1998.

As it is evident that the charges on the docket sheet appear to have been erroneously labeled as Section 3124 instead of Section 3124.1, the section in effect at the time, Appellant's conviction qualifies as a Tier III sexual offense to warrant the imposition of a second strike sentence. ***See*** 42 Pa.C.S.A. § 9799.14(d)(5). Accordingly, Appellant's final claim must fail.

For all the foregoing reasons, we discern no error on the part of the PCRA court in dismissing Appellant's petition without an evidentiary hearing and affirm its October 7, 2021 order.

Order affirmed.

P.J. Panella joins.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>10/6/2023</u>